UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | Case No. CV 19-3251-DSF (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| THE PEOPLE OF THE STATE OF CALIFORNIA, ET AL., | |
| Defendant(s). | |

## I.
## **INTRODUCTION**

Plaintiff John Doe ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violations of his Fourteenth Amendment rights, excessive bail, and defamation of character. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

## II.
## **BACKGROUND**

On March 19, 2019, Plaintiff filed the Complaint in the Southern District of New York. ECF Docket No. ("Dkt.") 2. On April 17, 2019, the United States District Court for the Southern District of New York transferred the action to this Court. Dkt. 5.

In the Complaint, Plaintiff appears to sue the People of the State of California, John and Jane Does 1 through 9,[1] Richard Banke, Ms. Kirby, Mr. Somagi, Dr. Mirzayon, Dr. Cohen, Dr. Banuelos, and "possibly the famous Asian loser from American Idol who is now high up at the LA Sherrifs Dept" (collectively, "Defendants"). Dkt. 2. While not entirely clear, Plaintiff appears to allege he was arrested on June 11, 2017 for trespass at a business and his case was diverted to a "95 court". Id. at 19. Plaintiff alleges he was "force[ibly] injected" with antihistamines so that he could not communicate and then wrongfully civilly committed for ninety days, without being "allowed to pay his excessive bail". Id. at 5. Plaintiff appears to allege he was sexually assaulted and his left hand was injured during his civil commitment. Id. at 6. On April 23, 2018, Plaintiff alleges he was arrested again while he was at the Pro Se Clinic in the Roybal Federal Building, a courthouse in the Central District of California. Id. Plaintiff claims he was subsequently charged with two misdemeanors and faced Central Violations Bureau ("CVB") trials in the same building. Id.; Dkt. 2-3 at 13-14.

Plaintiff seeks (1) declaratory relief stating "you can't deny case access during operational business hours, wrongfully arrest someone in the Roybal CDCA civil intake and then make them face a criminal fed. trial in the same venue!"; and (2) any relief that is "just & equitable". Dkt. 2 at 6.

///

///

---

[1] "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Because Plaintiff is unaware of the true names of the unnamed Doe defendants, Plaintiff will be given the opportunity to discover the names of the Doe defendants after he files a complaint curing the deficiencies identified below. Plaintiff is cautioned that, if he is unable to timely identify the Doe defendants, the claims against the Doe defendants will be subject to dismissal because the Court will not be able to order service against defendants who are unidentified. See Augustin v. Dep't of Pub. Safety, No. 09-00316 ACK-BMK, 2009 WL 2591370, at *3 (D. Haw. Aug. 24, 2009); Williams v. Schwarzenegger, No. Civ S-05-0838 DFL CMK P, 2006 WL 3486957, at *1 (E.D. Cal. Dec. 1, 2006).

# III.

# **STANDARD OF REVIEW**

Where a plaintiff is proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915 and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of

underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

**IV.**

**DISCUSSION**

**A.    PLAINTIFF CANNOT PROCEED AS A "DOE" PLAINTIFF**

    **1.    Applicable Law**

A plaintiff's use of fictitious names runs afoul of the public's common law right of access to judicial proceedings and Rule 10(a)'s command that the title of every complaint "include the names of all the parties." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067–68 (9th Cir. 2000) (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 598-99, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978); EEOC v. Erection Co., Inc., 900 F.2d 168, 169 (9th Cir. 1990); Fed. R. Civ. P. 10(a).

4

Nevertheless, many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy. See, e.g., Doe v. Madison School Dist. No. 321, 147 F.3d 832, 833 n.1 (9th Cir.1998), vacated on other grounds, 177 F.3d 789 (9th Cir.1999) (en banc). However, the use pseudonyms will only be permitted in the "unusual case" when nondisclosure of the party's identity "is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981) (using pseudonyms in opinion because appellant, a prison inmate, "faced a serious risk of bodily harm" if his role as a government witness were disclosed).

"[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Advanced Textile Corp., 214 F.3d at 1068. In exercising its discretion to permit a plaintiff to use a pseudonym, a district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. Id. (citations omitted).

**2.     Analysis**

Here, Plaintiff sets forth no explanation for his perceived need for anonymity. Therefore, the Court is unable to evaluate any of the factors set forth in Advanced Textile. Moreover, Plaintiff attaches numerous documents to his Complaint that appear to contain his full name. See dkt. 2 at 11-14; dkt. 2-1 at 6-20; dkt. 2-2 at 1-20; dkt. 2-3 at 1-20; dkt. 2-4 at 1-10. Thus, Plaintiff's need for anonymity does not appear to outweigh the public's interest in knowing his identity. Because this is not the "unusual case" where non-disclosure of Plaintiff's name is necessary for his protection, if Plaintiff chooses to file an amended complaint as permitted below, he must set out his full name in the caption pursuant to Rule 10(a).

## B. THE COMPLAINT FAILS TO MEET THE RULE 8 PLEADING STANDARD

### 1. Applicable Law

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). A plaintiff must plainly state facts showing individual defendants were directly and personally involved in inflicting the alleged injury. See Iqbal, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The required statement under Rule 8 must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (citation omitted); Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)). In addition, Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058-59 (9th Cir. 2011) (discussing cases in which the Ninth Circuit affirmed Rule 8 dismissals).

### 2. Analysis

Here, it is impossible to tell from the Complaint which defendants are being sued, for what relief, and for which alleged injuries. For example, Plaintiff mentions he was sexually abused, but there is nothing in the Complaint or the attachments thereto that identifies who abused him or any facts describing or supporting the allegation. In addition, it is unclear from the Complaint who force-medicated Plaintiff and when such events took place. Finally, it is not apparent from the Complaint how

the declaratory relief sought regarding Plaintiff's second arrest at Roybal and subsequent trial is related to any injury or violation of Plaintiff's rights.

Absent specific, nonconclusory allegations identifying what actions each defendant took against Plaintiff and how such actions violated Plaintiff's rights, the Complaint fails to provide Defendants with fair notice of Plaintiff's claims or the grounds upon which they rest. See Iqbal, 556 U.S. at 676; Dura Pharms., Inc., 544 U.S. at 346. Accordingly, the Complaint is subject to dismissal for failure to comply with Rule 8. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of complaint on Rule 8 grounds that is "argumentative, prolix, replete with redundancy, and largely irrelevant").

**C.    DEFENDANTS ARE IMPROPERLY JOINED**

   **1.    Applicable Law**

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In contrast, unrelated claims against different defendants must be brought in separate lawsuits to avoid confusion and prevent "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that unrelated claims against different defendants should be brought in different lawsuits, in part to prevent prisoners from circumventing filing-fee requirements and three-strikes rule under Prison Litigation Reform Act); Gonzalez v. Maldonado, No. 1:11-cv-01774-SAB (PC), 2013 WL 4816038, at *2 (E.D. Cal. Sept. 9, 2013) (same).

If the test for permissive joinder is not satisfied, the court "may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Fed.

1 | R. Civ. P. 21; see also Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997) (noting
2 | that if joined plaintiffs fail to meet requirements of Rule 20(a), "the district court may
3 | sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the
4 | severance").

**2. Analysis**

Here, to the extent the Court is able to liberally construe the Complaint, there appear to be claims of (1) excessive force and excessive bail arising out of the first arrest and civil commitment, and (2) due process violations arising out of the arrest at Roybal and CVB trials. However, the claims arising out of Plaintiff's first arrest and civil commitment do not satisfy the requirements of Rule 20(a) for permissive joinder with the claims arising out of the second arrest and CVB trial. First, the civil commitment claims do not arise out of the same "transaction, occurrence, or series of transactions" as the claim arising out of the arrest at Roybal. Fed. R. Civ. P. 20(a)(2)(A). Second, the incidents do not appear to present any "question of law or fact common to all defendants . . . ." Fed. R. Civ. P. 20(a)(2)(B). Therefore, if Plaintiff chooses to file an amended complaint, he must only bring claims properly joined in this action and may file a separate action to pursue unrelated claims.

**V.**

**LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his First Amended Complaint that has been

found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **<u>The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.</u>**

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. <u>Id.</u> **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint

9

that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: May 22, 2019

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge